FILED

10:08 am Jun 25 2018

Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MELVIN E. JOHNSON, JR.,** | ) | CASE NO. 4:18 CV 732 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **BRIAN BROOKS,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Melvin E. Johnson, Jr. filed this action against Mahoning County Sheriff's Deputy Brian Brooks, Mahoning County Sheriff's Deputy Miko Malino, Mahoning County Sheriff Jerry Green, and Mahoning County Jail Warden Santana. In the Complaint (Doc. # 1), Plaintiff asserts Brooks sexually harassed him and retaliated against him. He asserts claims under the First, Fifth and Fourteenth Amendments as well as the Americans With Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA). He seeks monetary damages.

## I. BACKGROUND

Plaintiff alleges that on January 8, 2017 at 10:15 p.m., Deputy Brooks entered Q-pod to do his reported rounds and inspection. He turned off the television and then went to Plaintiff's cell. He alleges Brooks removed him from his cell and then forcefully put his hands down the back of Plaintiff's pants. He states, without explanation, that Malino interfered with security operations. He suggests he had to stop Malino from reading his mother's address in front of other inmates. He claims he spoke to internal affairs, as well as Warden Santana and Sheriff Green.

Furthermore, Plaintiff claims he filed grievances. He contends the Defendants searched his cell, stole his papers and any evidence he gathered. He states that when his family contacted the jail and threatened to sue them, he was attacked and threatened.

Plaintiff claims the Defendants' actions violated his constitutional rights under the First, Fifth and Fourteenth Amendments. He further asserts that he has a mental disability and their actions also violated the ADA and the RA.

## II. STANDARD OF REVIEW

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the

proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. ANALYSIS

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims, though they arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), are analyzed

under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for Courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

Plaintiff first alleges that Brooks touched his buttocks on the evening of January 8, 2017. Injury to an inmate's privacy or dignity generally is not objectively serious to establish a constitutional violation. Some physical injury is required by 42 U.S.C. § 1997e(e). While this physical injury need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward. *Flanory v. Bonn*, No. 09-1161, 2010 WL 1791327, at *4 (6th Cir. May 6, 2010). For that reasons, minor, isolated incidents of touching, even if coupled with

offensive sexual remarks, do not rise to the level of an Eighth Amendment violation. *See Jackson v. Madery*, 158 Fed. Appx. 656, 661 (6th Cir. 2005)(no Eighth Amendment violation where female guard rubbed and grabbed male prisoner's buttocks during a shakedown); *Johnson v. Ward*, 215 F.3d 1326 (6th Cir. 2000)(isolated incident of corrections officer grabbing inmate's buttock and making sexually harassing comments was not objectively serious to violate the Eighth Amendment); *Allen v. Johnson*, 66 Fed. Appx. 525 (5th Cir. 2003) (even if it is assumed that a guard touched a prisoner in a sexual manner during routine pat-down searches, such allegations are not sufficiently serious assaultive behavior to show a constitutional deprivation); *Boddie v. Schneider*, 105 F.3d 857, 859-60 (2nd Cir.1997) (no Eighth Amendment violation where female guard squeezed a male prisoner's hand, touched his penis, made sexually suggestive comments, and twice pinned him to a door with her body). Plaintiff alleges a single incident involving Brooks and does not suggest he suffered an injury. While that incident may or may not implicate state tort law, as described, it was not objectively serious to rise to the level of an Eighth Amendment violation.

Plaintiff also fails to state a claim for retaliation. He does not allege any facts to specifically connect any of the Defendants to the alleged retaliation. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). He alleges in general that he filed grievances and was sent to segregation, subjected to cell searches, and became the subject of harassing behaviors. The Complaint

simply contains no facts which reasonably associate the specific Defendants to these claims.

Finally, Plaintiff fails to state a claim under the ADA or the RA. Title II of the ADA prohibits a public entity from excluding a qualified disabled person from participation in or denying them the benefits of the services, programs, or activities of the public entity. 42 U.S.C. § 12132. The term "public entity" is defined, in relevant part, as "any State or local government." 42 U.S.C. § 12131(1)(A). Similarly, § 504 of the RA protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs or activities "solely by reason of her or his disability." 29 U.S.C. § 794(a). The RA is similar to the ADA; however, it specifically applies to programs or activities receiving federal financial assistance. Neither the ADA nor the RA permits public employees or supervisors to be sued in their individual capacities. *Williams v. McLemore*, 247 Fed.Appx. 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd.*, 104 Fed.Appx. 490, 493 (6th Cir. 2004) ("[N]either the ADA nor the RA impose[s] liability upon individuals."). Plaintiff does not allege he was denied access to a program, service or activity of the jail. Furthermore, he sues only individual Defendants who are not liable under Title II or the ADA. Consequently, Plaintiff's ADA and RA claims must be dismissed.

## IV.  CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____
**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.